|  | AUSA: Matthew Roth | Telephone: (313) 226-9100 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Christopher Loperfido | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

| United States of America | | |
|---|---|---|
| v. | | Case: 2:20-mj-30185 |
| Kejuan Leonard Green | | Assigned To : Unassigned |
| | Case No. | Assign. Date : 6/2/2020 |
| | | Description: RE: SEALED MATTER (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 11, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(n) | Receipt of a firearm while under indictment |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher Loperfido, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 2, 2020

*Judge's signature*

City and state: Detroit, Michigan

Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Christopher Loperfido, being duly sworn, do hereby state the following:

### I.   INTRODUCTION

1. I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) United States Department of Justice, and have been so employed since December of 2018. Prior to becoming a Special Agent with the ATF, I was a United States Border Patrol Agent for nine years in Texas and Washington State. I am currently assigned to the ATF Detroit Field Division. I completed the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and the identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2. During the course of my employment with ATF, I have assisted with investigating criminal violations relating to firearms, violent crime, and narcotics. I have participated in aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of search warrants. I am familiar with, and have participated in investigative methods, including, but not limited to, electronic surveillance, visual surveillance, search warrants, and confidential informants.

3. The statements contained in this affidavit are based on conversations with

other law enforcement officers, a review of relevant police reports, and my involvement in this investigation. This affidavit does include all facts known to law enforcement related to this investigation. This affidavit provides information necessary to establish probable cause that Kejuan Leonard GREEN violated 18 U.S.C. § 922 (n), as an individual who received a firearm while under indictment.

## II.   PROBABLE CAUSE

4.   On May 11, 2020, a Detroit Police Department (DPD) Officer was conducting surveillance in the area of 17154 Lamont Street in Detroit, Eastern District of Michigan. The officer was attempting to locate GREEN, who was wanted on a probation violation out of the Third Circuit Court, Wayne County. The officer observed a black male who matched the description of GREEN exit the door of 17154 Lamont Street. DPD officers in the area were notified to assist.

5.   The first two responding officers observed GREEN walking southbound on Lamont Street. As the officers approached, GREEN turned and faced their vehicle. One of the officers, who had several prior contacts with GREEN, recognized him immediately. Upon seeing the police vehicle, GREEN grabbed his waistband area and fled eastbound down an alley towards Fenelon Street.

6.   When the officers arrived on Fenelon Street, they observed GREEN fall down as he exited the alley. Officers then lost sight of GREEN. At this time, a Michigan State Police (MSP) K9 was called in to provide assistance.

7.   As additional officers arrived on scene, one officer established a perimeter on Fenelon Street in the alley north of McNichols to Nancy Street. The officer then began

to walk on Fenelon Street, just north of the alley in front of 17145 Fenelon Street. The officer observed a black pistol magazine on the ground. The officer looked around the area and located a black, Smith and Wesson MP 40 pistol, without a magazine, also on the ground. The officer left the magazine and firearm where it was found and notified one of the DPD officers who observed GREEN flee. The responding officer identified the area where the magazine and firearm were found as the area in which they observed GREEN fall down.

8. The firearm was identified as a Smith and Wesson, model MP 40, .40 caliber, semi-automatic pistol, bearing serial number: MPN7079. The firearm had one live round in the chamber and numerous rounds in the magazine. The magazine and firearm were recovered and secured in the back of a scout car.

9. Officers continued to canvas the area looking for GREEN. After a while, GREEN's father Kejuan Green Sr. arrived at his home. He stated his son was in the house, and he would have him come out and turn himself in. After talking with Green Sr., GREEN came to the door where he was arrested without incident. GREEN was conveyed to the Detroit Detention Center for processing.

10. On May 12, 2020, GREEN was interviewed, at which time he stated he understood his rights and provided a statement. GREEN stated he observed an unfamiliar vehicle in the alley near his house and went to see what it was doing. GREEN stated he took the firearm from inside 17514 Lamont Street and went outside. GREEN explained that the first time he possessed the firearm was May 11, 2020. GREEN did not have a valid concealed pistol license.

11. I reviewed GREEN's Computerized Criminal History (CCH), and it revealed the following deferments for GREEN:

    a. January 2017- felony fleeing and eluding third degree, sentenced to HYTA;

    b. January 2017- felony fleeing and eluding fourth degree, sentenced to HYTA; and

    c. July 2019 - felony carrying a concealed weapon, sentenced to HYTA.

12. At the time of his possession of the aforementioned firearm, GREEN was serving a diversionary eighteen month probation sentence under HYTA. Under the Holmes Youthful Trainee Act, the defendant remains charged with a crime while serving his probationary sentence. Although he pleads guilty, the guilty plea is held in abeyance to determine if he can successfully complete his probationary sentence. If he does, the charges are dismissed. If he fails to abide by the terms and conditions of his HYTA probationary sentence, HYTA is revoked and he stands convicted. Either way, he is charged with the crime until a final order is entered by the judge. As a result, under federal law, a defendant is under indictment while serving a HYTA sentence.

13. On May 28, 2020, I contacted ATF interstate nexus expert Special Agent Shannon Richardson who reported that the Smith and Wesson, model MP 40, .40 caliber, semi-automatic pistol, bearing serial number MPN7079 and recovered from GREEN, was manufactured outside the state of Michigan, and therefore had traveled in and affected interstate commerce.

### III.  CONCLUSION

14.  Probable cause exists that Kejuan GREEN did knowingly and intentionally receive a firearm in the City of Detroit, Eastern District of Michigan, said firearm having travelled in interstate commerce, in violation of Title 18, United States Code, Section 922(n), while GREEN was under indictment.

Respectfully submitted,

Christopher Loperfido, Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

HON. DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

Date:  June 2, 2020